IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES MAYBERRY,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **TRANS UNION, LLC *et al.*,** | : | **NO. 18-3262** |
| *Defendants* | : | |

**MEMORANDUM**

PRATTER, J.                                                                                                                                                                    APRIL 14, 2020

James Mayberry seeks reconsideration of the Court's order granting I.C. Systems, Inc.'s ("ICS") motion to compel third-party Advocare Medford Pediatric & Adolescent Medicine's ("Advocare") compliance with an ICS subpoena seeking production of various documents. For the reasons that follow, Mr. Mayberry's motion for reconsideration is denied.

### BACKGROUND AND PROCEDURAL HISTORY

After Advocare referred a delinquent account to ICS for collection purposes, ICS reported the account to various credit reporting agencies as associated with Mr. Mayberry. Mr. Mayberry asserts that the debt associated with the delinquent account was not incurred by him but by his son, who is also named James Mayberry. Mr. Mayberry claims that ICS violated the Fair Debt Collection Practices Act when it reported the debt as his own.[1]

ICS moved for summary judgment. This matter was originally assigned to the Honorable Cynthia M. Rufe, who denied ICS's motion for summary judgment in part because a dispute of material fact existed as to whether ICS possessed the relevant Advocare account records at the

---

[1] Mr. Mayberry also brought claims against TransUnion, LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC; and National Recovery Agency, but he has settled his claims against all the defendants other than ICS.

time ICS reported the delinquent account to credit reporting agencies. Shortly after Judge Rufe denied the motion for summary judgment, the case was reassigned to the undersigned.

ICS later filed a motion to compel on March 25, 2020, asking the Court to compel third-party Continuum Health Alliance, LLC ("Continuum") to comply with a subpoena that ICS had served on Continuum on November 11, 2019. The Court granted the motion 12 days later on April 6, 2020, having received no response from Mr. Mayberry. Mr. Mayberry now seeks reconsideration of the Court's order granting ICS's motion to compel.

## LEGAL STANDARD

To succeed on a motion for reconsideration, the moving party "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law [or fact] or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); *accord Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Accordingly, "[d]isagreement with the Court's ruling is not proper grounds for a motion for reconsideration." *Smith v. Unilife Corp.*, No. 13-5101, 2015 WL 115581, at *1 (E.D. Pa. Jan. 7, 2015). Furthermore, "a motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments." *Federico v. Charterers Mut. Assur. Ass'n Ltd.*, 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001) (quoting *F.D.I.C. v. Parkway Exec. Office Ctr.*, No. 96-121, 1997 WL 611674, at *1 (E.D. Pa. Sept. 24, 1997)); *see also Romero v. Allstate Ins. Co.*, 170 F. Supp. 3d 779, 783 (E.D. Pa. 2016) ("Motions for reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'") (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)). "Because federal courts have a strong interest in finality of judgments, motions for

reconsideration should be granted sparingly." *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)); *see also Johnson v. BB & T Corp.*, No. 17-4490, 2018 WL 1518618, at *2 (E.D. Pa. Mar. 28, 2018) ("Third Circuit law is fairly clear that motions for reconsideration . . . are to be granted sparingly because of the interests in finality and conservation of scarce judicial resources.") (citations and internal quotation marks omitted).

### DISCUSSION

Mr. Mayberry claims that the Court granted ICS's motion to compel before his 14-day window to respond had closed and therefore the Court "did not have the benefit of well-established law that a party may not use a subpoena to obtain discovery after the discovery deadline had passed." Mot. for Recons. 3.  In support of his motion, Mr. Mayberry argues that the court-ordered discovery deadline in this case was March 13, 2019 and ICS's subpoena to Continuum serves to improperly circumvent that deadline.  Relying in part on case law from the District of Maine, Mr. Mayberry asserts that "there is a relationship between Rule 26 and Rule 45 and 'parties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery.'" *Williamson v. Horizon Lines LLC*, 248 F.R.D. 79, 83 (D. Me. 2008) (quoting 9 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2452 (3d ed. 1971)).

Mr. Mayberry also argues that compelling Continuum to comply with ICS's subpoena would unfairly prejudice him by requiring him to engage in further time and expense relating to discovery that should have been pursued during the discovery phase of the litigation.  He claims that there is no good cause for ICS's delay in serving its subpoena on Continuum and that the Court should not permit ICS to obtain discovery now that the deadline has long passed.

ICS responds that Mr. Mayberry's motion for reconsideration should be denied because it is untimely and good cause exists for ICS's subpoena.  Regarding the timeliness issue, ICS cites this Chamber's General Pretrial and Trial Procedures, which state:

> Once a motion to compel is filed, the Court likely will schedule a telephone or in-person conference within 14 days to resolve the dispute, with or without a formal written response from the non-moving party.  If the non-moving party wishes the Court to consider the response in advance of ruling and/or a conference, such party should arrange to have the response delivered to Chambers promptly or request a delay in the conference to permit the filing of a written response if the Court has not requested one.  *If the Court has not scheduled a conference to address a motion to compel, the non-moving party should submit a written response to the motion within seven (7) days of service of the motion.*

Judge Gene E.K. Pratter's General Pretrial and Trial Procedures, Civil Cases § IV.B, available at https://www.paed.uscourts.gov/documents/procedures/prapol2.pdf  (emphasis  added).[2]    ICS claims that under this instruction, Mr. Mayberry had seven days to file any response to its motion to compel, making his response due on or before April 1, 2020.

ICS also argues that there is good cause validating its subpoena.  Because Judge Rufe determined at the summary judgment stage that a genuine dispute of material fact existed as to what information ICS had at the time it reported Mr. Mayberry's information to credit reporting agencies, ICS asserts that it needs records from Continuum, the billing servicer for Advocare, to resolve that factual dispute.  ICS also claims that federal courts routinely enforce subpoenas for limited additional discovery, even when issued outside of the standard discovery schedule, and none of the case law Mr. Mayberry cites addresses subpoenas targeting narrow and specific information that the court identified as essential to resolving a dispute of material fact.

---

[2]    The Court acknowledges that this case was originally assigned to Judge Rufe and so her Policies and Procedures applied until November 15, 2019 when the case was transferred.  Since that transfer, Judge Gene E.K. Pratter's General Pretrial and Trial Procedures have applied.

The Court will not grant the motion for reconsideration because Mr. Mayberry has not identified an intervening change in controlling law, the availability of new evidence, or the need to correct clear error of law or fact or prevent manifest injustice. At most, Mr. Mayberry has identified case law holding that subpoenas issued after the discovery deadline has passed should either be treated as requests to reopen discovery or should not be permitted because they circumvent court-ordered deadlines. These cases do not state or stand for the proposition that a court may not grant such a request or permit said additional discovery. Indeed, the District of Maine case that Mr. Mayberry relies on acknowledges that the federal courts differ among their approach to post-discovery subpoenas and cites a case from within the Third Circuit that counters Mr. Mayberry's position. *See Williamson*, 248 F.R.D. at 83 ("It is true that *O'Boyle v. Jensen*, 150 F.R.D. 519 (M.D. Pa. 1993) held to the contrary, but *O'Boyle* is in the distinct minority.").

Even if *O'Boyle* constitutes the "distinct minority" approach to post-discovery subpoenas, the case still represents an approach that courts in this circuit have employed and permitted under the Federal Rules. The court's reasoning in *O'Boyle* is particularly relevant under the facts present here:

> The subpoenas at issue are addressed to third parties, not to the plaintiff. The discovery deadline established by the court precludes parties from conducting any further discovery addressed to each other or requiring one another's presence or participation, e.g. discovery in the form of interrogatories or depositions. It was not intended to preclude, and does not preclude, parties from gathering additional information on their own case or that of their opponent through independent lines of inquiry not directed to, or requiring the participation of, the other side.

150 F.R.D. at 520. Here, ICS's subpoena is directed to a third-party, serves to obtain information material to ICS's defense, and does not require Mr. Mayberry's participation. Permitting ICS to obtain this information from Continuum does not constitute a clear error of law or result in manifest injustice.

Furthermore, Mr. Mayberry's arguments could have and should have been raised in a response to ICS's motion to compel. Mr. Mayberry failed to respond to the motion in the time allotted under this Chambers' General Pretrial and Trial Procedures, and the Court need not consider arguments that Mr. Mayberry could have but failed to raise before the Court's decision. Nonetheless, even considering Mr. Mayberry's arguments in support of his motion for reconsideration on the merits, the Court must deny the motion as explained above because Mr. Mayberry has not identified an intervening change in controlling law, the availability of new evidence, or the need to correct clear error of law or fact or prevent manifest injustice.

## CONCLUSION

For the foregoing reasons, the Court denies the motion for reconsideration. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE